Channing J. Hartelius, Bar No. 625
HARTELIUS LAW CENTER
104 Second Street South, Suite 402
P. O. Box 1024
Great Falls, MT 59403-1024
Telephone: (406) 788-0035
Facsimile: (877) 729-1263
channing@harteliuslaw.com


Keith D. Marr, Bar No. 5999
Greg Pinski, Bar No. 5254
CONNER, MARR & PINSKI, PLLP
520 Third Avenue North
P. O. Box 3028
Great Falls, MT 59403-3028
Telephone: (406) 727-3550
Facsimile: (406) 727-1640
keith@mttrials.com
greg@mttrials.com
*Attorneys for Plaintiff*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| James S. Carter,<br><br>Plaintiff,<br><br>vs.<br><br>USAA CASUALTY INSURANCE COMPANY, and<br>DOES A-D, Inclusive,<br><br>Defendants. | Cause No. CV-22-77-GF-BMM<br><br>**COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff James S. Carter, demanding trial by jury, and for his Complaint against Defendants, alleges as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Great Falls, Cascade County, Montana.

2. Defendant USAA Casualty Insurance Company ("USAA") is believed to be a corporation, incorporated under the laws of Texas, with its principal place of business in San Antonio, Texas. USAA is authorized to conduct insurance business, and conducts insurance business, within the State of Montana.

3. The true names and capacities of the Defendants named herein as Does A-D, Inclusive, are unknown to Plaintiff. Plaintiff therefore brings this action against said Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint and Jury Demand to state the true names and capacities of Does A-D when the same have been ascertained, together with further appropriate charging allegations. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named Defendants may be legally responsible in some manner for the occurrences alleged herein, and that Plaintiff's damages as herein alleged may have been proximately caused by said Defendants' unlawful acts or omissions. Defendants Does A-D, Inclusive, are natural persons, corporations, partnerships, joint ventures, governmental entities, political subdivisions, or other

legal entities who may be legally liable for Plaintiff's injuries and damages as hereinafter alleged.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over USAA pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this claim occurred in this District. Further, as USAA is a corporation incorporated in a state other than Montana, venue is proper in the Great Falls Division under Local Rule 3.2 (incorporating the proper venue under the laws of the State of Montana) because Plaintiff resides in a county within this Division (Cascade County). See § 25-2-122, MCA.

## FACTUAL ALLEGATIONS

6. On May 21, 2021, Plaintiff was lawfully driving his vehicle northbound on 9th Street North, near the intersection of River Drive North, in Great Falls, Montana. At that same time, Henry Quinby was traveling southbound on 9th Street North in his vehicle, in the left turn lane, intending to turn left (east) onto River Drive North. As Plaintiff lawfully entered the intersection with a green light, Mr. Quinby made a left turn immediately in front of Plaintiff's vehicle.

Plaintiff had the right of way and could not avoid a collision. Plaintiff's vehicle struck the right front portion of Mr. Quinby's vehicle. The vehicles collided with great force causing significant injuries and damages to Plaintiff. The Great Falls Police Department cited Mr. Quinby for failing to yield the right-of-way to approaching traffic while making a left turn. Mr. Quinby was solely and wholly responsible for the collision.

## FIRST CAUSE OF ACTION

### (Breach of Contract – USAA)

7. Plaintiff realleges paragraphs 1-6 in this First Cause of Action.

8. At the time of the collision and occurrences described above, Plaintiff maintained automobile insurance through USAA. All premiums were paid on the subject policies. The policies provided underinsured motorist coverage.

9. At the time of the collision and occurrences described above, Mr. Quinby maintained automobile liability insurance through State Farm. State Farm accepted liability for the negligence of its insured (Mr. Quinby) and paid its full liability limit to Plaintiff. However, Mr. Quinby's liability insurance through State Farm is not sufficient to cover the collision-related damages Plaintiff suffered.

10. Mr. Quinby's liability for the above-described automobile collision is absolutely clear. Plaintiff has suffered damages which are reasonably certain as a result of the above-described collision. Plaintiff has incurred medical expenses

and suffered damages in excess of Mr. Quinby's liability limit, triggering coverage under the underinsured motorist coverage provided by USAA.

11. USAA has not paid the benefits due and owing to Plaintiff under the applicable insurance coverages in effect at the time of the collision.

## SECOND CAUSE OF ACTION

### (Declaratory Relief – USAA)

12. Plaintiff realleges paragraphs 1-11 in this Second Cause of Action.

13. Under Montana law, insurers are required to tender payment to claimants for all damages which are reasonably certain when liability is reasonably clear, without conditioning such payment on a final release. Sections 33-18-201(6) and (13), MCA; *Ridley v. Guaranty National Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997); *Watters v. Guaranty National Ins. Co.*, 2000 MT 150, 300 Mont. 91, 3 P.3d 626; *DuBray v. Farmers Ins. Exchange*, 2001 MT 251, 307 Mont. 134, 36 P.3d 897; *Shilhanek v. D-2 Trucking, Inc.*, 2003 MT 122, 315 Mont. 519, 70 P.3d 721.

14. Based on the circumstances of this case, USAA is obligated to tender payment under the applicable automobile coverages to Plaintiff.

15. USAA has not paid the benefits due and owing to Plaintiff under the applicable insurance coverages in effect at the time of the collision.

16. By reason of the foregoing, a justiciable controversy exists between Plaintiff and USAA. Specifically, Plaintiff seeks a declaration of rights, status, and/or other legal relations with respect to the insurance coverage available to Plaintiff. Plaintiff seeks a declaratory judgment establishing the available coverage and applicable limits and requiring USAA to tender coverage under the policy or policies without conditioning such payments on a final release.

## DAMAGES

17. As a result of the above-described automobile collision, Plaintiff has suffered serious physical injuries and permanent disability for which he has incurred, and will continue to incur, significant medical expenses.

18. As a result of the above-described automobile collision, Plaintiff has experienced great mental and physical pain and suffering and will continue to experience great mental and physical pain and suffering in the future.

19. As a result of the above-described automobile collision, Plaintiff has experienced and will continue to experience lost earnings and loss of earning capacity.

20. As a result of the above-described automobile collision, Plaintiff has suffered and will continue to suffer damage to the enjoyment of his established course and way of life.

21. As a result of the above-described automobile collision, Plaintiff has suffered and will continue to suffer a loss of the ability to perform household services and incidental damages.

22. As a result of USAA's failure to pay the insurance coverage due and owing to Plaintiff, Plaintiff had to institute litigation to obtain the full benefit of his insurance contracts with USAA. As such, Plaintiff has incurred attorney fees and costs in prosecuting this litigation.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. For reasonable compensation for Plaintiff's medical expenses incurred to date and in the future, including expenses incidental to such medical care;

2. For reasonable compensation for Plaintiff's mental and physical pain and suffering to date and the pain and suffering reasonably anticipated in the future;

3. For reasonable compensation for Plaintiff's lost earnings to date and loss of future earning capacity;

4.  For reasonable compensation for Plaintiff's past and future loss of enjoyment of way of life;

5.  For reasonable compensation for Plaintiff's permanent disability, loss of household services to date, and future loss of household services;

6.  For declaratory relief establishing the available insurance coverage(s) and applicable coverage limits;

7.  For declaratory relief establishing USAA's obligation to tender payment under the applicable coverage(s), without conditioning any such payments on a final release;

8.  For attorney fees pursuant to §§ 27-8-311 and -313, MCA; Montana common law, including but not limited to *Mountain West Farm Bureau Mut. Ins. Co. v. Brewer*, 2003 MT 98, 315 Mont. 231, 69 P.3d 652, and *Trustees of Indiana Univ. v. Buxbaum*, 2003 MT 97, 315 Mont. 210, 69 P.3d 663; and any other applicable legal theory;

9.  For costs and disbursements incurred herein; and

10. For such other and further relief as the Court deems just and proper.

Dated this 22nd day of August, 2022.

                                          CONNER, MARR & PINSKI, PLLP


                              BY:  /s/Keith D. Marr
                                      Keith D. Marr
                                      *Attorneys for Plaintiff*